Case 1:17-cv-00216   Document 45   Filed on 02/08/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 08, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ROBERT R. ACEVEDO, ET. UX.,** § | |
|     **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. B: 17-cv-216 |
| § | |
| **UNITED STATES RAILROAD** § | |
| **RETIREMENT BOARD, ET. AL.,** § | |
|     **Defendants.** § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 17, 2017, Plaintiff Robert Acevedo, et. ux.,[1] filed a complaint against Defendants United States Railroad Retirement Board ("the Board"); Walter A. Barrows, a labor representative for the Railroad Retirement Board ("Barrows"); Steven J. Anthony, a manager for the Railroad Retirement Board ("Anthony"); Union Pacific Railroad; ("Union Pacific") and Lance M. Fritz ("Fritz"), the chief executive officer for Union Pacific. Dkt. No. 1. Acevedo filed a number of amended complaints against those same defendants; the fourth amended complaint, dated December 26, 2017, is currently the operative complaint in this case. Dkt. No. 25.

On January 22, 2018, the Court ordered the parties to brief the issue of whether subject matter jurisdiction exists in this case. Dkt. No. 26  The parties have addressed the issue. Dkt. Nos. 28, 29, 34, 36, 39, 40, 42,

After reviewing the record and the relevant case law, the Court recommends that Acevedo's complaint be dismissed, without prejudice, for lack of subject matter jurisdiction.

---

[1] The term "et. ux" refers to filing on behalf of a spouse. Collins v. Gen. Motors Corp., 101 F.R.D. 1, 3 (W.D. Pa. 1982). Acevedo's spouse has not appeared in this case on her own behalf and there is no indication that Acevedo is a licensed attorney. "It is axiomatic that an individual may proceed pro se in civil actions in federal court [...] but it is equally certain that those not licensed to practice law may not represent the legal interests of others." Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205, 210 (5th Cir. 2016) (citing 28 U.S.C. § 1654). Accordingly, the Court will not consider any claims made by Acevedo on his wife's behalf.

1

## I. Background

Acevedo is suing the Defendants over his entitlement to Social Security and Railroad Retirement pension benefits. In order to understand his claims, the Court must first outline the differences between the classes of retirement benefits.

### A. Retirement Benefits

When a fully vested former railroad employee retires, they are entitled to two tiers of retirement benefits. Tier I retirement benefits are "the social security analog for railroad workers" and are "statutorily linked" to Social Security retirement benefit rates. BNSF Ry. Co. v. U.S., 775 F.3d 743, 750 (5th Cir. 2015); see also 45 U.S.C. § 231b(a)(1)(a)(1) (statute linking Tier I benefits to Social Security). These benefits are designed to be a retirement pension based upon the employee's entire working career, encompassing both railroad and non-railroad employment. Id. On the other hand, Tier II "functions like a private pension plan" and is tied to the employee's earnings and service with the railroad. Id.

As relevant here, any Social Security benefits are statutorily offset against the Tier I retirement benefits. 45 U.S.C. § 231b(m). There are two exceptions to this rule: (1) if an employee was already retired and receiving both Social Security and railroad retirement benefits in 1974; or (2) if an employee had accumulated sufficient work history to be eligible to retire in 1974, but was not yet retired. McDonnell v. U.S. R.R. Ret. Bd., 83 F. App'x 821, 823 (7th Cir. 2003) (citing 45 U.S.C. § 231b(h)). Under the former scenario, the retiree receives both benefits fully; under the latter scenario, retirees have their benefits "partially preserved." Id. According to the Railroad Retirement Board, there 13,200 current retirees who receive full Social Security benefits and full Railroad Retirement benefits. United States Railroad Retirement Board, 2017 Annual Report 19 (2017).

Any decision made by the Railroad Retirement Board – as to an entitlement or the amount of the entitlement – can be judicially appealed; jurisdiction for any such appeal lies exclusively in the court of appeals. 45 U.S.C. § 355(f).

2

**B. Acevedo's Claims**

Acevedo asserts three claims. First, he claims that the Railroad Retirement Board has unlawfully denied him Social Security benefits, based upon an outdated reading of federal law. Acevedo claims that he is entitled to his full Social Security retirement benefits as well as his Tier I and Tier II railroad retirement benefits. Dkt. No. 25, p. 5.

Second, Acevedo alleges that the Railroad Retirement Board discriminated against him, because one of his former co-workers received both Social Security and railroad retirement benefits – with neither off-setting the other – while he did not.[2] Dkt. No. 25, p. 5.

Finally, Acevedo claims that Union Pacific acted unlawfully by denying him pension benefits. Dkt. No. 25, p. 5. Acevedo states that he worked for 118 months for Union Pacific – needing to complete 120 months to qualify for his retirement – before being injured. Id. Acevedo asserts that a Railroad Retirement Board employee advised him to take a single vacation day in the 119th month and a single vacation day in the 120th month to ensure that he received his retirement benefits. Id. Acevedo does not explain what would happen on the remaining work days over those two months. Despite this purported advice from a Railroad Retirement Board employee, Union Pacific refused to allow Acevedo to space out his vacation in such a manner and instead forced him to use his six vacation days at onetime and in succession. Id. Thus, in his third claim, Acevedo claims that Union Pacific acted unlawfully by not allowing him to space out his vacation days. Id. Acevedo claims that he started taking those six days on September 28, 2012, which should have caused him to accumulate service in both September and October 2012, giving him the 120 months

---

[2] Acevedo provides no facts upon which to evaluate this assertion. If his co-worker had sufficient employment history with the railroad prior to 1974, then his co-worker is in a different situation than Acevedo and may be entitled to both Social Security and railroad retirement benefits.
On the other hand, if his co-worker does not qualify under § 231b(h) for both Social Security and railroad retirement benefits, then either the co-worker is mistaken about the payments or he is receiving them erroneously.

3

necessary for retirement. Id. Acevedo states that Union Pacific only gave him credit for one month of service, leaving him at 119 months and that he had to wait until January 2013 to use vacation days to finally meet that 120th month of service. Id.

According to Acevedo, Union Pacific responded by telling the Railroad Retirement Board to not credit September 2012 as a month of service, once again leaving him with only 119 months, which, in turn, left him without retirement income for "most of" 2013. He seeks damages based on that lost retirement income, asking for "all my back pay from January 2013 to present."[3] Dkt. No. 25, p. 6.

Acevedo has previously argued his claims to the United States Court of Appeals for the Fifth Circuit, in an administrative appeal from the United States Railroad Retirement Board's decision in his case. On March 7, 2017, the Fifth Circuit summarily affirmed the Board's decision. Acevedo v. United States R.R. Ret. Bd., 678 F. App'x 264 (5th Cir. 2017). The Supreme Court denied Acevedo's petition for a writ of certiorari. Acevedo v. R.R. Ret. Bd., 138 S. Ct. 363 (2017).

**C. Procedural History**

On October 17, 2017, Acevedo filed the present complaint against the Board; and against Barrows, Anthony, Union Pacific and Fritz. Dkt. No. 1. Acevedo asserts the three claims outlined above, i.e. that: (1) he is being unfairly denied his full Social Security benefits and the full amount of his Railroad Retirement Tier I and II benefits; (2) he is being discriminated against because at least one ex-co-worker is receiving Social Security and both Tier I and Tier II benefits; and (3) Union Pacific acted unlawfully to deny him his retirement benefits in 2013. Dkt. No. 1.

On November 13, 2017, Union Pacific filed a motion for a more definite statement.

---

[3] The effect of this request identifies the period of Acevedo's employment by the railroad. According to this assertion, Acevedo's railroad service did not begin until 2002 or 2003, long after Congress required that Social Security benefits be offset against Tier I retirement benefits.

4

Dkt. No. 12. In response, on November 20, 2017, Acevedo filed an amended complaint. Dkt. No. 16.

On December 4, 2017, Union Pacific filed a renewed motion for a more definite statement. Dkt. No. 19. In response, on December 5, 2017, Acevedo filed another amended complaint. Dkt. No. 22.

On December 20, 2017, Union Pacific filed a supplemental motion for a more definite statement. Dkt. No. 23. On December 21, 2017, Acevedo filed an amended complaint. Dkt. No. 24. On December 26, 2017, Acevedo filed yet another, his fourth, amended complaint. Dkt. No. 25.

On January 4, 2018, the Court sua sponte ordered the parties to brief the issue of whether subject matter jurisdiction exists in this case. Dkt. No. 26.

On January 8 and January 9, 2018, Acevedo filed responses concerning whether subject matter jurisdiction exists in the case. Dkt. Nos. 28, 29.

On January 10, 2018, Acevedo filed still another amended complaint. Dkt. No. 31. On January 12, 2018, the Court ordered Acevedo to "choose between pursuing his fourth amended complaint – Dkt. No. 25 – or his fifth amended complaint – Dkt. No. 31," noting that a plaintiff does not have a limitless right to continually amend his complaint. Dkt. No. 32.

On January 16, 2018, Acevedo filed a notice with the Court, stating that he chose his fourth amended complaint – Dkt. No. 25 – as the operative complaint in this case. Dkt. No. 33. Accordingly, that is the controlling complaint in this case.

On January 19, 2018, Union Pacific and Fritz filed a brief with the Court, stating that it did not believe that subject matter jurisdiction exists in this case. Dkt. No. 34. On January 19, 2018, Acevedo filed a reply brief. Dkt. No. 36.

On January 25, 2018, the Board, Anthony, and Barrows also filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), for lack of subject matter jurisdiction. Dkt. No. 40. On January 26, 2018, Acevedo filed a response. Dkt. No. 42.

5

**II. Applicable Law**

    **A. Jurisdiction**

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim. This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

    **B. Railroad Retirement Board**

Challenges to a decision by the Railroad Retirement Board must be filed "in the United States court of appeals for the circuit in which the claimant or other party resides." 45 U.S.C. § 355(f). There is no question, but that Acevedo resides within the jurisdiction of the Fifth Circuit Court of Appeals.

Moreover, district courts have been divested of jurisdiction to consider any appeals or attacks on the decisions of the Railroad Retirement Board. Leal v. Szoeke, 917 F.2d 206, 207 (5th Cir. 1990) (holding that circuit courts have exclusive jurisdiction over Railroad Retirement Board appeals). This holds true even if the plaintiff is suing the Railroad Retirement Board or its employees under 42 U.S.C. § 1983 for violating his constitutional rights in denying him benefits. Id. "At no time" is the district court to consider the plaintiff's claims under these circumstances. Id. (quoting Denberg v. United States R.R. Retirement Bd., 696 F.2d 1193, 1198 (7th Cir.1983)).

**C. Law of the Case**

"The law of the case doctrine provides that a decision of a factual or legal issue by an appellate court establishes the law of the case and must be followed in all subsequent proceedings in the same case in the trial court...." Cooper Tire & Rubber Co. v. Farese, 248 F. App'x 555, 558 (5th Cir. 2007) (quoting Lyons v. Fisher, 888 F.2d 1071, 1074 (5th Cir. 1989)). "Courts have the discretion to ignore the law of the case under certain narrow exceptions: if substantially different evidence has been presented, there has been an intervening change in the law, or the prior decision was clearly erroneous and it would work a manifest injustice." Cooper Tire, 248 F. App'x at 558 (quoting Browning v. Navarro, 887 F.2d 553, 556 (5th Cir. 1989).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Even granting Acevedo the latitude that is due to pro se litigants, the Court lacks subject matter jurisdiction over his claims, for which reason they should be dismissed. Furthermore, even if jurisdiction did exist in this Court, the law of the case dictates the result here, which is denial of the claims. Finally, even if jurisdiction were found to exist and the result was not mandated by the law of the case, the facts do not support Acevedo's claims, for which reason, they should be dismissed.

**A. Jurisdiction**

As previously noted, all claims regarding a decision of the Railroad Retirement Board must be filed "in the United States court of appeals for the circuit in which the claimant or other party resides." 45 U.S.C. § 355(f). The district court has no jurisdiction over these claims. Leal, 917 F.2d at 207. This holds true no matter how Acevedo casts the claim,

whether as an ongoing appeal; or as a civil rights claim; or as a contractual claim. Id. His claims must be addressed solely at the United States Court of Appeals for the Fifth Circuit. Accordingly, there is no jurisdiction to consider Acevedo's claims in this Court. If subject matter jurisdiction does not exist, then the claims should be dismissed without prejudice to refiling. Hix v. U.S. Army Corps. of Engineers, 155 F. App'x 121, 129 (5th Cir. 2005) (citing Davis v. U.S., 961 F.2d 53, 57 (5th Cir. 1991)).

### B. Law of the Case

Even if jurisdiction existed in this Court, the result would be no different, given that this Court is bound by the prior decisions of the Fifth Circuit. Cooper Tire, 248 F. App'x at 558.

Clearly, the Fifth Circuit has already ruled against Acevedo's claims. Acevedo v. United States R.R. Ret. Bd., 678 F. App'x 264 (5th Cir. 2017). Thus, even if jurisdiction somehow existed in this Court, the Court would be bound by the Fifth Circuit's decision. Quest Medical, Inc. v. Apprill, 90 F.3d 1080, 1094 (5th Cir. 1996). Moreover, no basis for the application of any exceptions to the law of the case would apply or have even been asserted by Acevedo. Thus, it would appear to be futile to transfer the case to the Fifth Circuit, which has already addressed these issues.

For these reasons, given the prior decision of the Fifth Circuit, dismissal is proper.

### C. Social Security

Even if the Court could address the merits of Acevedo's claims, he would not fare any better. Acevedo is not entitled to both his Social Security and his Tier I railroad retirement benefits. As previously noted, Acevedo's railroad service, by his own assertions, began no earlier than 2002. The only way for a retiree to simultaneously receive any form of Social Security benefits and full Tier I retirement benefits is to have been retired or eligible to retire in 1974. McDonnell, 83 F. App'x at 823 (citing 45 U.S.C. § 231b(h)). This latter condition

8

is clearly inapplicable to Acevedo.[4]

**IV. Recommendation**

It is recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction. It is further recommended that all outstanding motions be dismissed as moot.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on February 8, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge

---

[4] The Court expresses no opinion as to Acevedo's claims regarding whether and when he completed the necessary 120 months of service to be qualified for his fully vested retirement. These issues were addressed by both the Railroad Retirement Board and the Fifth Circuit in their previous decisions. Given this fact, and for the reasons discussed earlier, this Court is bound by the Fifth Circuit's prior determination.